**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115191

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Teresa Campagna, individually and on behalf of all those similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Kirschenbaum Phillips & Levy, P.C., <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Teresa Campagna, individually and on behalf of all those similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Kirschenbaum Phillips & Levy, P.C. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Teresa Campagna is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Kirschenbaum Phillips & Levy, P.C., is a New York Professional Corporation with a principal place of business in Nassau County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated February 5, 2018. (**Exhibit 1.**")

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The Letter sets forth, "The Total Amount of Interest Accrued Since Charge-Off: $.00."

18. Interest was not accumulating on the Debt at the time the Letter was sent.

19. Interest was not accumulating on the Debt at the time the Debt was with Defendant.

20. The Letter sets forth, "The Total Amount of Non-Interest Charges or Fees Accrued Since Charge-Off: $.00."

21. Fees were not accumulating on the Debt at the time the Letter was sent.

22. Fees were not accumulating on the Debt at the time the Debt was with Defendant.

23. The Letter sets forth, The amount reflected above is the amount you owe as of the date of this letter. The amount may vary due to interest or other charges added to your account after the date of this letter. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For an exact amount owed or for further information, please contact our office at (866) 746-1144 or (516) 746-1144."

24. The above-referenced statement would lead the least sophisticated consumer to believe that the Debt was accruing interest.

25. The above-referenced statement would lead the least sophisticated consumer to believe that the Debt was accruing late fees.

26. The inclusion of the above-referenced statement, when the debt was not accruing interest at the time the letter was sent, is deceptive within the meaning of 15 U.S.C. § 1692e.

27. The inclusion of the above-referenced statement, when the debt was not accruing interest at the time it was with Defendant, is deceptive within the meaning of 15 U.S.C. § 1692e.

28. The inclusion of the above-referenced statement, when the debt was not accruing late fees at the time the letter was sent, is deceptive within the meaning of 15 U.S.C. § 1692e.

29. The inclusion of the above-referenced statement, when the debt was not accruing late fees at the time it was with Defendant, is deceptive within the meaning of 15 U.S.C. § 1692e.

30. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

31. For these reasons, Defendant violated 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

32. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a letter substantially similar to the Letter herein, from one year before the date of this Complaint to the present.

33. This action seeks a finding that Defendant's conduct violates the FDCPA, and

asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

34. Defendant regularly engages in debt collection.

35. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a letter substantially similar to the Letter herein.

36. Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

38. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

39. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: May 2, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 115191

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530